Argued and submitted April 23, reversed and remanded for new trial June 13, reconsideration denied November 28, 1990, petition for review allowed January 15, 1991 (311 Or 87)

## STATE OF OREGON,
*Respondent,*

*v.*

## GLENN A. MARSHALL,
*Appellant.*

(C 87-11-36869; CA A48848)

793 P2d 336

Joanne Reisman, Portland, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from convictions for robbery and burglary in the first degree. ORS 164.415; ORS 164.225. He assigns as error the trial court's exclusion of testimony concerning the victim's character.[1] We reverse and remand.

The victim reported to the police that she had been robbed in her home by defendant and another person. Two hours later, defendant was apprehended, and items belonging to the victim were found in the vehicle in which he was riding. At trial, the defense called a witness to testify about the victim's reputation for giving people her possessions as collateral for a debt and later claiming that they were stolen. The trial court allowed the witness to testify as to the victim's general reputation for lack of veracity but sustained an objection by the state to a question which asked the witness if there was a "particular kind of lie which she has a reputation for telling."[2]

---

[1] We do not address defendant's other assignments of error, because they lack merit.

[2] Defendant made this offer of proof concerning the victim's character under OEC 404(2)(b):

"Q: Miss Olsen, I'm going to ask you the questions now that I intend to ask when the jury comes back. We're having a dry run because your questions—the questions and answers that we want to cover are sort of at the limited edge—at the edge of what is admissible, and the Judge wants a chance to make a ruling ahead of time. Okay?

"A: All right.

"Q: What connection do you have with Glenn Marshall?

"A: I have known him for five years. His sister has been going with my cousin.

"Q: Have you also known Mr. Lawrence?

"A: Right.

"Q: For how long?

"A: Just about the same.

"Q: Are you also acquainted with [victim]?

"A: I know of her. I have seen her at parties. My brothers have told me about her.

"Q: Over what period of time?

"* * * * *

"A: I said I have seen her at parties, and I know her by association through my brothers. I have never really sat down to talk to her.

"Q: How long have you been aware of her?

"A: For about two years.

"Q: And in addition to your brothers, do you know other people who know her?

"A: Yes.

"Q: How many others would you guess?

Defendant argues that the excluded testimony should have been allowed under OEC 404(2)(b) as "evidence of a pertinent trait of character of the victim."

OEC 404 provides, in pertinent part:

"(2)   Evidence of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

"* * * * *

"(b)   Evidence of a pertinent trait of character of the victim of the crime offered by an accused * * *."

OEC 405 provides:

"In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct."

The state argues that "character," as referred to in OEC 404 and 405, means a generalized description of a person's disposition in respect to a general trait, such as honesty, temperance or peacefulness. The specific manner in which the trait manifests itself under given circumstances, it argues, is not within the purview of OEC 404.

■      "Character" in OEC 404(3) is a "disposition or propensity to commit certain crimes, wrongs or acts." *State v. Johns,* 301 Or 535, 548, 725 P2d 312 (1986). That definition also applies under OEC 404(2)(b). Under that definition, evidence that the victim has a reputation for giving persons her

---

"A:  About four or five of them.

"Q:  *And over these two years, in association with these other people, have you formed an opinion as to her reputation for truthfulness or untruthfulness among these people?*

"A:  *Yes, I have.*

"Q:  *What is that opinion?*

"A:  *She's a liar.*

"Q:  *Is there any particular kind of lie which she has a reputation for telling?*

"A:  *Uhm, yeah. She says that people rip her off when she gives them things to hold on to for her.*

"Q:  *By 'rip her off,' what do you mean?*

"A:  *She'll hand them like her credit cards when she owes them money or jewelry or drugs to hold to* [sic] *for her until she can get the money, then she'll turn around and say they stole them from her."* (Emphasis supplied.)

property for collateral and later claiming it was stolen, tends to show her "disposition or propensity" to commit that act. We hold that the victim's propensity to lie in that particular manner is a character trait under OEC 404(2)(b).

■ We turn next to the manner in which defendant offered the evidence. On direct examination, OEC 405 allows OEC 404(2)(b) character evidence only in the form of reputation or opinion. Witnesses may not testify to specific instances of conduct. *See* Legislative Commentary to OEC 405; *see also* Kirkpatrick, *Oregon Evidence* 169-70 (1989). The witness was specifically asked: "[I]s there any particular kind of lie which [the victim] has a reputation for telling?" The question was framed in terms of reputation. The witness was not asked to relate specific details of acts on which the victim's reputation was based. We hold that the question was proper under OEC 405 and that the trial court abused its discretion in excluding the testimony.

■ The next question is whether the error requires reversal. Evidentiary error is not presumed to be prejudicial, and we must determine whether a substantial right of defendant's was affected. OEC 103(1). The verdict may be affirmed despite evidentiary error, if there is little likelihood that the error affected the verdict. *State v. Isom,* 306 Or 587, 595-96, 761 P2d 524 (1988).

■ A co-defendant being tried with defendant argued that the victim had voluntarily given her property to him as collateral for a debt and then later told the police that she had been robbed. Defendant argued that he was not with the co-defendant when the co-defendant and another person, identified by the victim as defendant, went to the victim's home. Neither defendant testified, but each produced evidence to support his argument. The excluded testimony would have directly corroborated the co-defendant's argument, which, if accepted, could work to acquit defendant. Without it, the jury was left with only the general reputation testimony that the victim was a liar. We cannot say that there is little likelihood that the error affected the verdict.

Reversed and remanded for a new trial.